The Honorable David H. Pingree Secretary Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32301
Dear Secretary Pingree:
This is in response to your request for an Attorney General Opinion on substantially the following question:
 IS THE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES AUTHORIZED TO REIMBURSE OR PAY THE COST OF MONTHLY RENTAL PARKING FOR ITS EMPLOYEES WHEN SUCH EMPLOYEES ARE REQUIRED TO USE THEIR PERSONAL VEHICLES IN THE FULFILLMENT OF THEIR JOB RESPONSIBILITIES?
Information submitted with your opinion request indicates that the employees involved are in position classifications which require them to have cars readily available. The position descriptions for these employees specify that the employee must operate an automobile in the course of his or her work and, in some cases, specifies that the employee must have the use of a private automobile in order to perform these duties. State-owned vehicles are not available for use by these employees to perform their duties. I am advised that the frequency with which an employee must respond to emergencies and actually utilize his or her private vehicle for official travel varies among the program areas represented. However, all of the employees are required to have their automobiles available and are subject to unscheduled demands for their services.
I would note that this discussion does not address, consider or affect a public employee's entitlement to the transportation expenses provided in s 112.061, F.S., when he or she travels away from official headquarters.
Section 10, Art. VII, State Const., prohibits the state from giving, lending or using its credit or taxing power to aid any association, corporation or person. The paramount consideration for the expenditure of public funds is that the proposed expenditure must serve a primarily public, as opposed to a private purpose. See, Burton v. Dade County, 166 So.2d 445 (Fla. 1964); State v. Town of North Miami, 58 So.2d 720 (Fla. 1952); City of Daytona Beach v. King, 181 So. 1 (Fla. 1938). See generally, 81A C.J.S. States s 205 (1977). And see, AGO's 82-81, 79-84, 79-17, 73-394, 72-198. As stated by the Florida Supreme Court in O'Neill v. Burns, 198 So.2d 1, 4 (Fla. 1967):
 It is only when there is some clearly identified and concrete public purpose as the primary objective and a reasonable expectation that such purpose will be substantially and effectively accomplished, that the state . . . may disburse, loan or pledge public funds or property to a nongovernmental entity. . . . (e.s.)
While it would appear that the operations of the Department of Health and Rehabilitative Services may receive some benefit from its employees having transportation readily available for performance of emergency or unscheduled duties, the primary benefit of such transportation would seem to be personal, i.e., transportation to and from the workplace. This conclusion is in keeping with the general rule that expenses incurred by public employees traveling to and from work are personal expenses. See, 67 C.J.S. Officers s 225(a). And see, Rule 3A-40.21, F.A.C., stating that when privately-owned vehicles are used for official travel, reimbursement for expenditures related to the operation, maintenance and ownership of a vehicle shall not be allowed, except incidental expenses provided by law and Rule 3A-40.242, F.A.C., which sets forth incidental traveling expenses and specifically provides in subsection (3) that storage and parking fees are not allowed on a weekly or monthly basis for private automobiles.
In AGO 74-305 this office considered a substantially similar question regarding whether the cost of monthly rental parking for private automobiles for officers of the Florida Parole and Probation Commission was an expense properly chargeable against public funds. The information submitted with that request stated that certain parole and probation officers were required as a condition of employment to have a private vehicle for use in performing their assigned duties and responsibilities and that quick and free access to parking was necessary in order for the officers to comply with the demands placed on them by the commission and the courts. This office concluded in AGO 74-305 that although the operations of the Parole and Probation Commission may have been somewhat benefited thereby, the renting of permanent automobile parking spaces by the commission for certain employees thereof who drove their automobiles to work was primarily of personal benefit to the employees involved and would constitute an unauthorized expenditure of public funds. Cf., AGO 74-74 concluding that the rental parking expenses incurred by employees of a state attorney's office in the operation of state or county-owned vehicles for official business and not for purposes which were personal to the employees concerned could be paid from public funds properly budgeted and appropriated for that purpose.
Therefore, it is my opinion that the Department of Health and Rehabilitative Services is not authorized to reimburse or pay the cost of monthly rental parking for its employees when such employees are required to use their personal vehicles in the fulfillment of their job responsibilities as such payment would serve a primarily private purpose as opposed to a public one.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General